FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 25 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOANNA PIMENTEL,
*also known as Maria Joanna Pimentel,*
*also known as "La Madrina,"*

                              Petitioner,      MEMORANDUM & ORDER
-against-
                                                99-CR-1104 (SJ)
                                                11-CV-4724 (SJ) (LB)
THE UNITED STATES OF AMERICA,

                              Respondent.
----------------------------------------------------------x

APPEARANCES

Joanna Pimentel, *Pro Se*
#02261-748
Federal Correctional Institution
33 ½ Pembroke Station, Route 37
Danbury, CT 06811

**JOHNSON, Senior United States District Judge:**

Before the Court are two of many motions filed by Joanna Pimentel, also known as Maria Joanna Pimentel or "La Madrina" ("Pimentel" or "Petitioner"), in the wake of her April 2001 sentence of life plus 120 months for various RICO and weapons-related charges – including a murder – all arising from her participation in the "Netas" gang. An additional recitation of the facts and circumstances surrounding the charges against Pimentel is not warranted. Sufficient background is provided in any of the other decisions on Pimentel's motions. See Pimentel v.

1



P-049

United States, 11-CV-4724, 2012 WL 382593 (E.D.N.Y. Feb. 2, 2012); Pimentel v. United States, 11-CV-4724, 2011 WL 6019013 (E.D.N.Y. Nov. 30, 2011); Pimentel v. United States, 05-CV-4996, 2007 WL 2915152 (E.D.N.Y. Aug. 20, 2007); see also United States v. Pimentel, 99-CR-1104 (SJ) (Dkt. No. 166). In any event, the substance of the prior motions is not as relevant here as the procedural posture, which is torturous. Unfortunately, torture is sometimes unavoidable.

Following a three-week jury trial, Pimentel, the alleged "godmother" or "madrina" of the Netas, a Puerto Rico-based gang, was convicted of murder in-aid-of racketeering, in violation of Title 18, United States Code § 1959(a)(1); conspiracy to commit murder in-aid-of racketeering, in violation of Title 18, United States Code § 1959(a)(5); and two counts of use of a firearm in connection with a crime of violence resulting in death, in violation of Title 18, United States Code §§ 924(c) and 924(j)(1). Her conviction was affirmed. United States v. Pimentel, 346 F.3d 285, 305, cert. denied, 543 U.S. 955 (2004).

In her October 18, 2005 petition to vacate her conviction pursuant to 28 U.S.C. § 2255 ("Section 2255"), she argued that she possessed newly discovered evidence requiring a new trial; that the Sixth Amendment's Confrontation Clause was violated; that there were errors in the Court's instruction to the jury; and that she is actually innocent. All of these arguments were rejected.

2

P-049

On September 7, 2011, Petitioner filed a petition for a writ of error under the All Writs Act, 28 U.S.C. § 1651(a). The Court's order of November 30, 2011 (the "November 30 Order") denying that motion informed Petitioner that "common-law writs are limited to circumstances where there are gaps in the statutory framework and the unavailability of any post-conviction relief might raise questions as to the constitutional validity of the statutory remedies." (Dkt. No. 4 at 2.) The November 30 Order also indicated that <u>both</u> the writ of error *corum nobis* <u>and</u> the writ of error *audita querela* are limited in that respect. (See <u>id.</u>) Accordingly, Petitioner was informed that she could use neither writ to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, meaning that her conviction would have to be challenged via Section 2255. Were she to so petition, the appropriate Court would not be this Court, which denied her initial Section 2255 petition and thus lacks jurisdiction, but the United States Court of Appeals for the Second Circuit, the gatekeeper of subsequent Section 2255 filings. (<u>Id.</u> at 3-4.)

Petitioner's response to the November 30 Order was a December 14, 2011 motion, this time pursuant to Federal Rule of Civil Procedure 59(e) ("December 14 Motion"). Rule 59(e) permits the Court, under narrow circumstances, to alter a judgment if the moving party can point to "controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp. Inc.</u>, 70 F.3d 255,

3

257 (2d Cir. 1995). What Petitioner believed the Court to have overlooked in the November 30 Order was the possibility that her petition for a writ of error *corum nobis* could instead be construed (1) as a petition for a writ of error *audita querela*; and (2) under Federal Rule of Civil Procedure 60(b)(2), as a motion to reopen her Section 2255 petition based on newly discovered evidence.

Pimentel's December 14 Motion ignored the November 30 Order. She was already informed that a writ of *audita querela* is not available to her. In any event, this information was re-iterated to her in the following decision from this Court, entered on February 2, 2012 order (the "February 2 Order"). The February 2 Order also rejected Pimentel's alternate request that her petition for a writ of error *corum nobis* be construed as a motion to reopen or supplement her Section 2255 petition with newly discovered evidence. This argument was rejected because a Rule 60(b)(2) motion for relief of judgment based on newly discovered evidence is untimely if not filed within one year. Fed. R. Civ. P. 60(c)(2). In this regard, Petitioner likely sought to use Rule 60(b)(2) to circumvent AEDPA's requirement that she seek leave from the Court of Appeals to file a successive Section 225 petition.

At last, the Court has arrived at the latest motions filed by Petitioner: (1) another Rule 60 motion, this time under Rule 60(b)(4) seeking to void the February 2

4

Order insofar as that order found that this Court lacks jurisdiction; and (2) a motion for re-sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)").

*Rule 60 Motion*

It appears as though Petitioner selected Rule 60(b)(4) this time around solely because, unlike the previously-invoked subsection (b)(2), there is no one-year filing limitation. Compare Fed. R. Civ. P. 60(b)(2) with id. at 60(b)(4). All other aspects of the prior motion are repetitive. Petitioner does not dispute that the prior Rule 60 motion was untimely. Petitioner does not dispute that a subsequent Section 2255 motion cannot be filed without seeking leave of the Second Circuit. Petitioner does not dispute that the common law writs of *corum nobis* and *audita querela* are unavailable to her. And, even though Rule 60(b)(4) does not set a one-year deadline, it is nevertheless subject to the condition in Rule 60(c) which requires that any Rule 60(b) motion be filed "within a reasonable time," which Petitioner does not claim to have done. Fed. R. Civ. P. 60(c). Therefore, Petitioner's Rule 60(b) motion is denied.

*Section 3582(c)(2) Motion*

"A district court may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007).

5

"An exception is available, however, under Section 3582(c)(2), when the Sentencing Commission amends the United States Sentencing Guidelines." United States v. Ferranti, 411 Fed. Appx. 373, 375 (2d Cir. 2011). Petitioner cites a May 2007 "Amendment 12, Criminal History Change[]" to the United States Sentencing Guidelines in support of her argument that a re-sentence is in order. While the Court is duty-bound to apply liberal construction of all *pro se* applications, additional judicial resources will not be spent determining what, if any, amendment Petitioner intends to invoke because, in any event, the Court declines to re-sentence her. Pimental has not submitted sufficient justification for upsetting the Court's previous balancing of the factors outlined in 18 U.S.C. § 3553(a), particularly in light of the seriousness of the offenses she committed. See Dillon v. United States, 130 S.Ct. 2683, 2692 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."); United States v. White, 429 Fed. Appx. 43, 47 (2d Cir. 2011) (finding the decision of whether to re-sentence an eligible defendant to be "confided to the sound discretion of the district court."). Therefore, this motion, too, is denied.

6

P-049

*Propriety of Leave-to-File Sanctions*

In an attempt to prevent Pimentel from continuing to unleash a veritable blitzkrieg of motions, the Court hereby notifies her that her continual filing of frivolous motions might result in sanctions. Pimentel is advised that sanctions could include monetary sanctions, but in any event, if imposed will certainly include a sanction preventing her from submitting any filings without the Court's permission. The Court need not tolerate judicial waste, nor abuse of the *in forma pauperis* status. See, e.g., Vey v. Clinton, 520 U.S. 937 (1997) (denying recalcitrant *pro se* litigant's motion to proceed *in forma pauperis* and instructing the Clerk of the Court not to accept any further petitions without leave of the Court); Martin v. Dist. of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); Viola v. United States, 481 F.3d 30, 31 (2d Cir. 2012) (affirming imposition of leave-to-file sanctions after petitioner failed to demonstrate that his filings were not frivolous).

## CONCLUSION

For the foregoing reasons, Petitioner's motions are denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would

not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: February 21, 2013
      Brooklyn, New York

Sterling Johnson, Jr., U.S.D.J.